## GRAYCE GORMON
### vs.
## PETER CANE

Superior Court    New Haven County    File #48605

MEMORANDUM FILED MAY 17, 1938.

D. L. O'Neill, of New Haven, for the Plaintiff.

Anthony R. Arpaia, of New Haven, for the Defendant.

FOSTER, J.   New Haven Avenue and Anderson Avenue are intersecting public highways in the town of Milford. There is a variance in the evidence as to the directions in which the highways run.  For the purposes of this case, I shall consider that New Haven Avenue runs east and west, and that Anderson Avenue runs north and south.   The intersection of these two highways is in a residential district. New Haven Avenue is a two-lane cement pavement of a total width of 18 or 20 feet with shoulders 4 or 5 feet in width, and Anderson Avenue is an oiled pavement 25 feet in width. On the east side of Anderson Avenue, a few feet south of New Haven Avenue, is a stop sign painted yellow with black letters and cat's eye reflectors.  At the southeast corner of the intersection is a clump of thick shrubbery.  For several hundred feet to the east and west of the intersection New Haven Avenue is straight and level.

At about 8:30 p.m. on August 8, 1935 the plaintiff was driving her Plymouth coupe in a westerly direction on the north side of New Haven Avenue toward the intersection of the two avenues at a speed of 40 miles per hour or more. Several hundred feet east of the intersection she had increased her speed to pass another automobile travelling in the same direction.

At that time the defendant was driving his Essex automobile in a northerly direction on Anderson Avenue toward the intersection.   On reaching the stop sign, he stopped his automobile at such a point that its forward end protruded a little beyond the clump of shrubbery on the southeast corner of the intersection, so that it could be seen from the east or the west by one who looked.   The drivers of both automobiles were familiar with the location and surroundings.

The defendant, seeing no approaching automobiles, proceeded north across New Haven Avenue.   He was proceeding slowly, as he was starting from a stop.   The plaintiff did not see the defendant, until he was in the intersection.   She then threw on her brakes, but struck the defendant's auto-

mobile at about the center of its right side at about the center of the north side of New Haven Avenue and pushed it up against the northwest curb of the intersection.

Assuming that both automobiles were approaching the intersection at approximately the same time, the plaintiff had the right of way. But the defendant was in the intersection some considerable time before the plaintiff reached it. Had she had her automobile under proper control, she would have been able to stop and avoid a collision. Whatever was her speed, it was too fast. The brake marks made by the tires of her automobile were 146 feet in length.

From the viewpoint of the defendant, had he used due care, he would have seen that the plaintiff was rapidly approaching the intersection and that, if he started to cross, both automobiles would reach the intersection at approximately the same time, and that the plaintiff had the right of way.

The plaintiff and the defendant were both guilty of negligence that contributed to the collision and to their respective injuries and damage.

Judgment may be entered in favor of the defendant on the complaint and in favor of the plaintiff on the cross complaint.